IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| AMERIHOME MORTGAGE CO., LLC, § § § § Plaintiff, § § Civil Action No. 1:25-CV-00067 v. § § CARMEN C. BRANTLEY, *et al.*, § § Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, AmeriHome Mortgage Company (AmeriHome) initiated this lawsuit against Carmen C. Brantley, Larry E. Brantley, and the United States of America on behalf of the Secretary Housing and Urban Development (HUD) (collectively, Defendants). Dkt. No. 1. AmeriHome is seeking this Court to enforce a lien it has on the Brantley's property, located at 741 S. Bowie Drive, Abilene TX 79605 (Property). *Id*. at 3. Because HUD holds a junior lien on the property, AmeriHome has also named it as a Defendant. *Id*. at 5.

AmeriHome has failed to comply with this Court's orders. For these reasons, the undersigned RECOMMENDS the Court DISMISS its claims without prejudice.

### I. JURISDICTION

AmeriHome initially alleged this Court has subject matter jurisdiction under 28 U.S.C. §§ 2410, 1331. In its Amended Complaint, AmeriHome also alleges that this Court

has diversity jurisdiction under 28 U.S.C. § 1332.[1] Venue is proper in the Northern District of Texas, Abilene Division, because at least one Defendant resides in this District and because the real property in dispute is in this district. Dkt. No. 1 at 3. The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred AmeriHome's case to the undersigned for pretrial management. Dkt. No. 4; 28 U.S.C. § 636(b)(1)(B).

## II.  FACTUAL BACKGROUND

On November 23, 2023, Carmen C. Brantley and Larry E. Brantley (Brantleys) made, executed and delivered a Promissory Note to Diamond Residential Mortgage Corporation. Dkt. No. 8 at 4. Under the terms of the Note, the Brantleys agreed to pay $126, 170.00 plus interest. *Id*. Diamond Residential Mortgage Corporation endorsed the Note and assigned it to AmeriHome. *Id*. That same day, the Brantleys secured the Note with a Deed of Trust regarding certain real property located at 741 S. Bowie Drive, Abilene, TX. *Id*.  In executing this Security Agreement, the Brantleys granted a lien on and recourse to the property if they were to breach the agreement under the Promissory Note. *Id*.

AmeriHome alleges that the Brantleys have failed to pay amounts owed under the Promissory Note in breach of their agreement. *Id*. at 4—5. AmeriHome provided notice to the Brantleys of its intent to accelerate the indebtedness. *Id*. at 5. Due to the Brantleys noncompliance, AmeriHome has suffered damages as AmeriHome has not received the

---

[1] As hinted in its previous orders, the Court is not satisfied that it has subject matter jurisdiction under either of these grounds. Dkt. Nos. 6, 7.

amount it is owed and, as a result, AmeriHome is now forced to incur fees and expenses to protect its security interest in the property. *Id*. AmeriHome alleges that the unpaid principal balance due and payable under the Note amounted to $123, 946.06 as of August 1, 2024. *Id*.

### III.  THE PARTIES

AmeriHome is a limited liability company. Dkt. No. 1 at 1. Both Carmen C. Brantley and Larry E. Brantley are residents of Taylor County, Texas and reside at the property in dispute. *Id*. AmeriHome also names the United States of America on behalf of the Secretary of Housing and Urban Development (HUD) as a defendant in this case. *Id*. at 2. HUD has an interest in the property used to secure the underlying loan. *Id*. at 5. HUD's interest is subordinate to AmeriHome's interest and AmeriHome is not seeking monetary relief from HUD. *Id*.

### IV.  PROCEDURAL BACKGROUND

On April 25, 2025, AmeriHome filed its Complaint in federal court. Dkt. No. 1. AmeriHome contended that the Court had subject matter jurisdiction because of the United States' interest and rights in the property underlying the dispute. Unsatisfied that this provided it with jurisdiction, the Court ordered AmeriHome to file further briefing addressing this issue by no later than May 13, 2025.[2] Dkt. No. 6. When this deadline passed

---

[2] AmeriHome alleges that this Court has subject matter jurisdiction under 28 U.S.C. §§ 2410, 1331. As discussed in this Court's prior Show Cause Order, neither of these are compelling. First, § 2410 "does not create a basis for federal subject matter jurisdiction," it "only waives sovereign immunity." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Though the statute allows for "the government to remove to federal district court any such case initiated in state court," this right does not extend to plaintiffs, such as AmeriHome. *Id*.

without any further briefing from AmeriHome, the Court again ordered it to brief the issue of subject matter jurisdiction by no later than May 21, 2025. Dkt. No. 7.

A day after this second deadline expired, AmeriHome responded to the Court's Show Cause Order. AmeriHome attempted to remedy the issue through filing an Amended Complaint. Dkt. No. 8. In this Amended Complaint, AmeriHome maintains that this Court has federal question jurisdiction over its claims. However, despite this Court's Order that it further brief this argument, AmeriHome repeated its original position verbatim. AmeriHome also asserted jurisdiction under 28 U.S.C. § 1332. Dkt. No. 8 at 3. This new basis for jurisdiction was also inadequate, however, because AmeriHome did not properly plead its own citizenship.[3] *See* Dkt. Nos. 8 at 2; 10 at 3. Given this deficiency, the Court again ordered AmeriHome to brief the issue of subject matter jurisdiction. It required AmeriHome do so by no later than June 6, 2025, but AmeriHome has failed to comply. Dkt. No. 10 at 4.

---

Second, § 1331 is not implicated simply because the case "involves the interpretation and enforcement of federal laws governing HUD's lien rights" as AmeriHome suggests. Dkt. No. 1 at 2. There is nothing in AmeriHome's Complaint or attached exhibits that suggest there is a dispute among the parties about the existence, amount, or inferiority of HUD's lien. In fact, AmeriHome filed with its Complaint a Partial Claim Deed of Trust, which confirms that HUD's lien is subordinate to that of AmeriHome. Dkt. No. 1–5. The Court should not be persuaded that HUD's lien rights require any further interpretation much less one which would create a "substantial, disputed question of federal law." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Nor is the Court confident that AmeriHome's right to relief "necessarily depends on resolution of a substantial question of federal law" given that HUD's lien and resulting rights do not seem to be in question at all. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009).

[3] AmeriHome alleged that it is a limited liability company, whose sole member is Western Alliance Bank. Dkt. No. 8 at 2. However, AmeriHome provided the citizenship of Western Alliance Bank's parent corporation. Because AmeriHome may not "ignor[e] the place of incorporation of the subsidiary and treating the subsidiary as if it were only a citizen of the state of incorporation of the dominant corporation" the Court could not find diversity jurisdiction existed based on the Amended Complaint. *Panalpina Welttransport GMBH v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985).

## V.  LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure allow a court to dismiss an action, upon motion of defendant or its own motion, for failure to prosecute. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). Dismissal is proper where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b). Courts' power to do so reflects their "power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

## VI. ANALYSIS

The Court has now ordered AmeriHome to provide brief the issue of subject matter jurisdiction three times. Dkt. Nos. 6, 7, 10. However, AmeriHome has failed to respond timely, if at all, to any of these Orders. This lack of response to the Court's orders is even more troubling given that the Court has provided AmeriHome over a month to respond to these Orders.[4] *See* Dkt. No. 6 (first requiring AmeriHome to submit briefing on the issue of jurisdiction on April 30, 2025). For these reasons, the undersigned finds that AmeriHome has failed to prosecute its claims. However, because there is nothing in the record to indicate AmeriHome acted in bad faith, the undersigned recommends the Court dismiss its claims without prejudice.

---

[4] AmeriHome attempts to justify its actions by stating that its noncompliance was due to "a possibility that [this] matter may have been resolved through loss mitigation efforts." Dkt. No. 9 at 1. However, the possibility of resolution does not relieve a party of the requirements imposed by a court's orders.

## VII.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS AmeriHome's claims without prejudice for its failure to prosecute.

## VII.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 9th day of June 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE