IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| AMERIHOME MORTGAGE CO., LLC, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:25-CV-00067-H-BU |
| CARMEN C. BRANTLEY, *et al.*, | § § § | |
| Defendants. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 25, 2025, Plaintiff AmeriHome Mortgage Co., LLC, filed this civil action against Defendants Carmen C. Brantley and Larry E. Brantley seeking foreclosure of a lien. Dkt. No. 1. The Department of Housing and Urban Development (HUD), which has a junior lien on the property, was also sued as a defendant. Dkt. No. 1 at 2. In its Original and Amended Complaints, AmeriHome relied on 28 U.S.C. §§ 2410, 1331, and 1332 to establish subject-matter jurisdiction. Dkt. No. 1 at 2.

The undersigned determined that AmeriHome's pleadings failed to adequately demonstrate this Court's subject-matter jurisdiction. § 2410 waives the United States's sovereign immunity in foreclosure actions, but does not provide federal courts original jurisdiction over such actions. *See Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). The Complaint did not indicate that the amount, seniority, or validity of HUD's lien was in dispute, and thus did not raise a "substantial, disputed question of federal law"

1

that would justify § 1331 jurisdiction. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). And AmeriHome failed to adequately explain the citizenship of the parent entity that was its sole member, preventing the Court from determining that § 1332 jurisdiction existed.[1]

On multiple occasions, the undersigned ordered AmeriHome to demonstrate that this Court has subject-matter jurisdiction. Dkt. Nos. 6, 7, 10. In each case, AmeriHome either failed to respond or merely reiterated its arguments without sufficiently addressing the Court's concerns. When AmeriHome did not respond to the Court's final Show Cause Order, the undersigned recommended that the case be dismissed for failure to prosecute, and United States District Judge Hendrix accepted the recommendation on June 30, 2025. Dkt. Nos. 11, 12.

On August 14, 2025, more than a month after the case was dismissed, AmeriHome filed a motion requesting that this Court set aside its dismissal order. Dkt. No. 13. The undersigned then ordered AmeriHome to, through its counsel Mr. Sammy Hooda, attend an in-person hearing and address the jurisdictional issues raised in the prior orders. Dkt. No. 14. In the hearing, held on October 22, 2025, the undersigned again determined that AmeriHome had not sufficiently alleged subject-matter jurisdiction, and AmeriHome stated that it would seek voluntary dismissal of this action. Dkt. No. 15.

Now before the Court is AmeriHome's Motion to Dismiss for Lack of Jurisdiction. Dkt. No. 16. AmeriHome asks that the Court dismiss this civil action without prejudice and

---

[1] In its Amended Complaint, AmeriHome explains that it is a Delaware LLC, with Western Alliance Bank (WA Bank) as its sole member; that WA Bank is a subsidiary wholly owned by Western Alliance Bancorporation (WA Bancorporation); and that WA Bancorporation is a Delaware corporation with its principal place of business in Arizona. Dkt. No. 8 at 2. However, AmeriHome failed to clarify whether WA Bank was an incorporated or unincorporated entity or allege facts showing WA Bank's citizenship. Dkt. No. 10 at 3.

without costs. For the reasons summarized above and discussed at length in the prior Show Cause Orders and FCR, Dkt. Nos. 6, 7, 10, 11, the undersigned agrees that this Court lacks jurisdiction to adjudicate this civil action. Because the defendants have not made an appearance and have apparently not expended any legal fees, the undersigned also finds it appropriate to dismiss this action without costs.

## CONCLUSION

The undersigned therefore RECOMMENDS that the Court DISMISS this civil action without prejudice and without costs, and that the Court DENY AmeriHome's motion to set aside the Order of Dismissal as moot.

## RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 30th day of October 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE